Opinion filed April 23, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00077-CR
_____

## ELMO RAY FORTENBERRY, JR., Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR43001**

## M E M O R A N D U M   O P I N I O N

Elmo Ray Fortenberry, Jr., Appellant, filed an untimely pro se notice of appeal from a conviction for assault on a public servant. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on August 13, 2014, and that his pro se notice of appeal was filed in the district clerk's office on April 7, 2015. On April 6, 2015, this court received and filed Appellant's motion for extension of time to file his notice of appeal. The clerk of this court notified Appellant by letter dated April 7, 2015, that the notice of appeal appeared to be untimely and that the appeal may be dismissed. We requested that Appellant respond to our letter and show grounds to continue. Appellant has responded but has not shown grounds upon which this court can continue the appeal.

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court 237 days after his sentence was imposed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Neither the notice of appeal nor the motion for extension were filed within the fifteen-day period permitted by TEX. R. APP. P. 26.3. This court, as an intermediate appellate court, has no jurisdiction to grant an out-of-time appeal or to grant an untimely motion for extension; the Texas Court of Criminal Appeals is the only court with jurisdiction in final postconviction felony proceedings. *Olivo*, 918 S.W.2d at 522–24, 525 n.8; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Additionally, we note that the trial court's certification of Appellant's right of appeal indicates that Appellant has no right of appeal because this is a plea-bargain case and because Appellant waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

This appeal is dismissed for want of jurisdiction.


                                                            PER CURIAM

April 23, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2